24-3045-cv
*Jordan v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:
>    BARRINGTON D. PARKER,
>    SUSAN L. CARNEY,
>    WILLIAM J. NARDINI,
>        *Circuit Judges.*

---

VICTOR JORDAN,

>        *Plaintiff-Appellant,*

>    v.                                                                    24-3045-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, UNITED FEDERATION OF TEACHERS, TEACHERS' RETIREMENT SYSTEM, SANDRA MARCH, UFT REPRESENTATIVE, TRS TRUSTEE, IN HER INDIVIDUAL AND IN HER OFFICIAL CAPACITY,

>        *Defendants-Appellees.*\*

---

>    \*    The Clerk of Court is respectfully directed to amend the caption as set forth above.

For Plaintiff-Appellant: VICTOR JORDAN, *pro se*, New York, NY.

For Defendants-Appellees
United Federation of Teachers
and Sandra March:

ARIANA A. DONNELLAN (Deena S. Mikhail, *on the brief*), Law Office of Robert T. Reilly, New York, NY.

For Defendants-Appellees
New York City Department
of Education and Teachers'
Retirement System:

SUSAN PAULSON, Of Counsel (Claude S. Platton, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Victor Jordan, proceeding *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*), entered on October 15, 2024, denying Jordan's request for a preliminary injunction. Jordan, a former teacher, filed a complaint raising various state and federal employment discrimination and retaliation claims against the New York City Department of Education, the United Federation of Teachers, the Teachers' Retirement System, and a United Federation of Teachers representative. Together with his complaint, Jordan asked the district court to issue an "order to show cause" for a preliminary injunction directing defendants to increase the amount of his monthly pension. The district court denied Jordan's request for emergency injunctive relief, finding that he failed to show that he was likely to suffer irreparable harm in the absence of this relief, or that he was likely to succeed on the merits of his claims. *Jordan v. N.Y.C. Dep't of Educ.*, 24-cv-6969 (AMD) (CLP), 2024 WL

5036468 (E.D.N.Y. Oct. 15, 2024). Jordan now appeals. We assume the parties' familiarity with the case.

This Court reviews a district court's denial of a preliminary injunction for abuse of discretion. *A.H. by and through Hester v. French*, 985 F.3d 165, 175 (2d Cir. 2021).[1] "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id.* "To obtain a preliminary injunction, a party must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.,* 131 F.4th 102, 106 (2d Cir. 2025).

The district court did not abuse its discretion. First, the district court properly concluded that Jordan did not show irreparable harm. Jordan argued that absent injunctive relief, he would not receive the full amount of monthly pension benefits to which he is entitled. A temporary loss of income, however, does not typically constitute irreparable harm because monetary damages awarded "in the ordinary course of litigation" will generally provide sufficient compensation. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Jordan failed to show that monetary damages would not remedy his alleged loss of benefits. *See Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995)

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

("[W]here monetary damages may provide adequate compensation, a preliminary injunction should not issue."). Second, the district court also properly concluded that Jordan failed to show a likelihood of success on the merits of his claims. Jordan rests the success of his various state and federal discrimination and retaliation claims on the assertion that the Department of Education refused to allow him to be rehired as a teacher in 2022 even though he possessed a valid teaching license. Jordan failed to explain how this assertion relates to his request for injunctive relief to remedy allegedly inadequate pension payments he began to receive after his early retirement, in 2011. He also failed to explain how this assertion relates to the bulk of his claims, which involve conduct that occurred more than ten years ago. The district court's conclusion, therefore, that Jordan did not show that he was likely to succeed on the merits, was well "within the range of permissible decisions." *French*, 985 F.3d at 175.

We have considered Jordan's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4